BETSY JOHNSON, CA Bar No. 119847
betsy.johnson@ogletreedeakins.com
JASMINE E. SIMMONS, CA Bar No. 304795
jasmine.simmons@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendant SPREADSHIRT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CHRISTIAN SAULNIER<br><br>Plaintiff,<br><br>v.<br><br>SPREADSHIRT, INC., and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. 2:15-cv-8455<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[Filed Concurrently with Civil Cover Sheet; Declaration of Gerrit Betz; Declaration of Jasmine E. Simmons; Notice of Related Cases; Certification of Interested Parties; and Disclosure Statement]<br><br>Complaint Filed: August 31, 2015<br>Trial Date: None Set |

Saulnier - Notice of Removal

2:15-cv-8455

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

# TABLE OF CONTENTS

**Page**

I. THE STATE COURT ACTION ................................................................ 1

II. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446 ............. 2

III. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 ..................................... 4

    A.    Complete Diversity Exists Between the Parties. ............................ 4

        1.    Plaintiff Is A Citizen of California ....................................... 4

        2.    Spreadshirt is a Citizen of Delaware and Massachusetts ................................................................... 5

        3.    The Citizenship of the "Doe" Defendants Is Irrelevant. ........................................................................... 6

    B.    The Amount in Controversy Exceeds $75,000. ............................ 7

        i.    Plaintiff's Lost Wages, Alone, Exceed the Requisite Amount in Controversy Requirement. ..................................................................... 8

        ii.    Additional Categories Of Damages Sought By Plaintiff Further Demonstrate That The Amount In Controversy Requirement Has Been Met. ............................................................................ 8

IV. CONCLUSION ........................................................................................ 10

Saulnier - Notice of Removal

i

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anthony v. Security Pac. Fin'l Services, Inc.*,
   75 F.3d 311 (7th Cir. 1996) ................................................................................ 7

*Bell v. Preferred Life Assurance Society*,
   320 U.S. 238 (1943) ........................................................................................... 9

*Davenport v. Mutual Ben. Health & Acc. Ass'n*,
   325 F.2d 785 (9th Cir. 1963) .............................................................................. 9

*EEOC v. Farmer Bros. Co.*,
   31 F.3d 891 (9th Cir. 1994) ................................................................................ 9

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ..................................................................... 7, 10

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) .............................................................................. 7

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001) .............................................................................. 9

*Hardy v. Square D Co.*,
   199 F. Supp. 2d 676 (6th Cir. 2002) ................................................................... 3

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) .............................................................................................. 5

*Huck v. Kone, Inc.*,
   No. C 10-1845, 2011 WL 31108 (N.D. Cal. January 5, 2011) ........................... 9

*Hunt v. Washington State Apple Advertising Comm'n*,
   432 U.S. 333 (1977) ........................................................................................... 7

*Jellinek v. Advance Prods. & Sys., Inc.*,
   No. 10cv1226 JM(WMC), 2010 U.S. Dist. LEXIS 88331
   (S.D. Cal. Aug. 24, 2010) ................................................................................. 10

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) .............................................................................. 4

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ............................................................................ 4

*Kroske v. US Bank Corp.*,
   432 F.3d 976 (9th Cir. 2005) ....................................................................... 8, 10

*Merrifield v. Miner's Inn Restaurant and Lounge*,
   No. 1:05-CV-1344-OWW-SMS, 2006 WL 4285241
   (E.D. Cal. Sept. 25, 2006) .................................................................................. 9

Saulnier - Notice of Removal

ii

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

*Montrose Chem. v. Am. Motorists Ins. Co.*,
   117 F.3d 1128 (9th Cir. 1997) .............................................................................. 5

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) ................................................................................ 6

*Romo v. FFG Ins. Co.*,
   397 F. Supp. 2d 1237 (C.D. Cal. 2005) .............................................................. 10

*Salveson v. Western States Bankcard Ass'n.*,
   731 F.2d 1423 (9th Cir. 1984) .............................................................................. 6

**Federal Statutes**

28 U.S.C.
   § 84(c)(3) .............................................................................................................. 3
   § 1332 .................................................................................................................... 4
   § 1332(c) ............................................................................................................... 5
   § 1441 .................................................................................................................... 4
   § 1441(a) ............................................................................................................... 4
   § 1441(b)(1) .......................................................................................................... 6
   § 1446(b)(1) .......................................................................................................... 3
   § 1446(c)(2)(A)-(B) .............................................................................................. 7

Saulnier - Notice of Removal

iii

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to United States Code, Title 28, Sections 1332, 1441 and 1446, Defendant SPREADSHIRT, INC. (hereinafter "Spreadshirt" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division, as there is complete diversity of citizenship between the parties. This removal is based on the following grounds: (1) there is complete diversity of citizenship among Plaintiff Christian Saulnier ("Plaintiff"), a citizen of the State of California, and Spreadshirt, a citizen of the State of Massachusetts; (2) the amount in controversy exceeds the jurisdictional minimum of $75,000, as set forth in Section 1332(a); and (3) this removal petition is timely filed.

As set forth more fully below, the foregoing facts were true at the time that the Complaint in this matter was filed, and remain true as of the date of the filing of this notice of removal.

**I.   THE STATE COURT ACTION**

1. On August 31, 2015, Plaintiff filed the instant action against Spreadshirt in the Superior Court of California, County of Los Angeles, entitled Christian Saulnier v. Spreadshirt, Inc., and Does 1 through 20, Case No. BC592532.

2. On September 11, 2015, Plaintiff Christian Saulnier ("Plaintiff") served the Summons, Complaint for Damages ("Complaint"), Civil Case Cover Sheet (with an addendum), Notice of Case Assignment, the Alternative Dispute Resolution procedures for the Superior Court of California in Los Angeles County ("ADR Procedures"), and a Notice and Acknowledgment of Receipt via electronic mail on Defendant's Counsel. (See Declaration of Jasmine E. Simmons ("Simmons Decl.") at ¶ 3, Exh. A.)

Saulnier - Notice of Removal

1

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

3. The Complaint asserts the following causes of action: (1) Failure to Pay Overtime, in violation of the California Labor Code; (2) Failure to Pay Timely Earned Wages, in violation of the California Labor Code; (3) Failure to Pay Timely Earned Wages upon Separation of Employment, in violation of the California Labor Code; (4) Failure to Provide Accurate Wage Statements, in violation of the California Labor Code; (5) Unfair Competition, in violation of California's Business and Professional Code; (6) Harassment, in violation of California's Fair Employment and Housing Act ("FEHA"); (7) Failure to Prevent Harassment, in violation of FEHA; (8) Fraudulent Inducement of Employment; (9) Negligent Misrepresentation; (10) Intentional Misrepresentation; (11) Failure to Reimburse Business Expenses, in violation of the California Labor Code; (12) Wrongful Termination in Violation of Public Policy; (13) Discrimination, in violation of FEHA; (14) Failure to Prevent Discrimination, in violation of FEHA; (15) Retaliation, in violation of FEHA; (16) Failure to Prevent Retaliation, in violation of FEHA; and (17) Failure to Accommodate Religious Practice, in violation of FEHA.

4. On September 29, 2015, Spreadshirt executed and returned the Notice and Acknowledgement of Receipt to Plaintiff's Counsel, via email and personal service. (*See* Simmons Decl., ¶ 4, Exh. B.)

5. On October 26, 2015, Spreadshirt filed its Answer to Plaintiff's Complaint for Damages, and a Motion of Peremptory Challenge with the Superior Court of California, County of Los Angeles, and served copies of the same on Plaintiff's counsel. (*See* Simmons Decl, ¶ 5, Exhs. C and D.)

II. **SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446**

6. Pursuant to 28 U.S.C., § 1446(a), copies of all process, pleadings, orders, and other papers received by Spreadshirt are filed and served concurrently herewith as follows:

    a. Summons, Complaint (conformed), Civil Case Cover Sheet (with addendum), Notice of Case Assignment, and ADR Procedures

Saulnier - Notice of Removal

2

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

(attached hereto as Exhibit 1; *see also* Simmons Decl., ¶ 3, Exh. A.);

  b. The fully-executed Notice and Acknowledgment of Receipt, filed by Plaintiff (attached hereto as Exhibit 2; *see also* Simmons Decl., ¶ 4, Exh. B);

  c. Defendant's Answer to Plaintiff's Complaint for Damages (attached hereto as Exhibit 3; *see also* Simmons Decl., ¶ 5, Exh. C);

  d. Defendant's Motion for Peremptory Challenge to Judge (attached hereto as Exhibit 4; *see also* Simmons Decl., ¶ 5, Exh. D); and

  e. Notice of Case Management Conference, filed by the clerk of the Superior Court of California (attached hereto as Exhibit 5).

7. As required by 28 U.S.C. § 1446(d), Spreadshirt will provide notice of this removal to Plaintiff through his attorney of record.

8. As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Los Angeles.

9. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1) (stating "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

10. As set forth more fully in paragraph 2, *supra*, service of the Summons and Complaint in this matter were perfected on September 29, 2015. (*See* Ex. 1; *see also* Simmons Decl., ¶ 4, Exh. B.) Therefore, since this action is being removed within 30 days of the Summons and Complaint being deemed served, removal is timely. *Hardy v. Square D Co.*, 199 F. Supp. 2d 676, 680 (6th Cir. 2002).

11. The Superior Court of California, County of Los Angeles is located within the Central District of California, Western Division. 28 U.S.C. § 84(c)(3).

3

Saulnier - Notice of Removal

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

As such, this notice of removal is filed in the district court of the United States in which the action is pending, in accordance with United States Code, Title 28, Section 1441(a). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12. No previous application has been made for the relief requested in this removal.

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

13. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1332(a) and 1441(a) because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Parties.

14. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and Spreadshirt may remove this action pursuant to 28 U.S.C. § 1441, because Plaintiff and Spreadshirt are, and were at the time that the Complaint was filed, citizens of different states. Plaintiff is and was, at that the time that he filed the Complaint, a citizen of the State of California. However, Spreadshirt is not a citizen of the State of California, nor was it at the time that the Complaint was filed.

#### 1. Plaintiff Is A Citizen of California.

15. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

16. Plaintiff is and was, at all times relevant to the instant action, domiciled in California. Plaintiff did and does reside in California, and a preponderance of the

4

Saulnier - Notice of Removal

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

evidence demonstrates that he intended and intends to stay in California.  Plaintiff also states in his Complaint that he was a California resident at the time that the Complaint was filed.  (*See* Complaint, ¶ 1.)  Plaintiff also worked for Spreadshirt in Los Angeles, California area, from approximately April 28, 2014 through December 29, 2014. (Declaration of Gerrit Betz ("Betz Decl."), ¶ 8.)  According to Plaintiff's employment records, all home addresses that Plaintiff furnished to Spreadshirt during his employment were located in California.  (*Id.* at ¶ 9.)

17. The preponderance of this evidence demonstrates that Plaintiff both resided in and was domiciled in California, both as of this removal and at the time the Complaint was filed.  Therefore, Plaintiff is a citizen of California.

**2. Spreadshirt is a Citizen of Delaware and Massachusetts.**

18. Spreadshirt is a corporation.  (Betz Decl., ¶ 4.)  Pursuant to 28 U.S.C. § 1332(c), a corporation is deemed to be a citizen of any state where it (1) has been incorporated, and (2) has its principal place of business.  As established by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), a corporation's principal place of business is where the "corporation's officers direct, control, and coordinate the corporation's activities," or where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination."  *Id*. at 92-93; *see also Montrose Chem. v. Am. Motorists Ins. Co.,* 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations, or where it performs its executive and administrative functions, if no one state contains a substantial predominance of the corporation's business activities).

19. Spreadshirt is, and was at all times relevant to this action, a corporation formed under the laws of the State of Delaware.  (Betz Decl., ¶ 4.)

20. Spreadshirt's principal place of business, and the location from which its executive and senior management personnel direct, control and coordinate the

Saulnier - Notice of Removal

5

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

corporation's activities and primary management operations, is located in Boston, Massachusetts, where it has been located at all times relevant to this action. (Betz Decl. ¶¶ 4-6.)

21. Spreadshirt's President, Secretary, Assistant Secretary, Treasurer, and highest-ranking legal services officer are all located in Spreadshirt's Boston, Massachusetts offices. (*Id.* at ¶ 5.)

22. From its Boston, Massachusetts offices, Spreadshirt's high ranking officers and their supporting management personnel direct, control, and coordinate the company's operations and activities, which include the following: (1) certain matters relating to the financing of Spreadshirt's operations; (2) advertising and marketing of products; (3) directing general business and operations; (4) compliance with state and federal laws and legal services associated with such matters; and (5) certain aspects of the size and composition of Spreadshirt's workforce, including all aspects relating to Spreadshirt's sales workforce. The records relating to these and other matters that are directed, controlled, and coordinated from Spreadshirt's Boston, Massachusetts office are mostly maintained there as well. (Betz Decl. at ¶ 6.)

23. Accordingly, Spreadshirt is, and was at all times relevant to this action, a citizen of both the States of Delaware and Massachusetts.

### 3. The Citizenship of the "Doe" Defendants Is Irrelevant.

24. Inclusion of "Doe" defendants in a state court complaint has no effect on removability. 28 U.S.C. § 1441(b)(1) (stating that "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998) (holding that only the named defendants are considered in determining whether diversity of citizenship exists); *Salveson v. Western States Bankcard Ass'n.,* 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's

Saulnier - Notice of Removal

6

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

1  inclusion of DOES 1 through 20 in the Complaint cannot defeat diversity
2  jurisdiction.
3      25.    This Court has original jurisdiction over the case based on diversity
4  jurisdiction pursuant to United States Code, Title 28, Sections 1332(a) and 1441(a),
5  because Plaintiff and Spreadshirt are citizens of California and Massachusetts,
6  respectively, as they have been at all times relevant to this action.  As a result,
7  complete diversity between Spreadshirt and Plaintiff exists now, as well as at the
8  time the Complaint was filed.

### B.    The Amount in Controversy Exceeds $75,000.

10     26.    This Court has original jurisdiction over this case pursuant to United
11 States Code, Title 28, Sections 1332(a) and 1441(a) because, pursuant to the facts set
12 forth herein and more specifically described below, the amount in controversy
13 exceeds and has exceeded the requisite $75,000 minimum, exclusive of interest and
14 costs, since the time that the Complaint was filed.[1]
15     27.    The Court may rely on the Notice of Removal to establish the amount in
16 controversy.  28 U.S.C. § 1446(c)(2)(A)-(B).  The Court may also, for removal
17 purposes, look to the pleadings for underlying facts to establish the jurisdictional
18 limit.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  In determining
19 whether the jurisdictional minimum is met, courts consider all recoverable damages,
20 including emotional distress damages, punitive damages, statutory penalties, and
21 attorneys' fees.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S.
22 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir.
23 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir.
24 1996).

---

[1] Spreadshirt discusses Plaintiff's allegations for the sole and limited purpose of demonstrating that the amount in controversy in this matter exceeds $75,000.00.  In so doing, Spreadshirt does not admit that Plaintiff is entitled to these or any damages or recovery on any of the claims in his Complaint.

Saulnier - Notice of Removal

7

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

### i. *Plaintiff's Lost Wages, Alone, Exceed the Requisite Amount in Controversy Requirement.*

28. Here, Plaintiff seeks various categories of damages, one of which is lost wages. Plaintiff's alleged lost wages in this case, alone, exceed the requisite amount in controversy.[2]

29. At the time that Plaintiff was terminated in December 2014, he earned $125,000 per year, plus commissions. (*See* Betz Decl., ¶ 8.) Thus, Plaintiff's weekly earnings were approximately $2,403.85, which yields an approximated monthly income of $9,615.40. Thus, without mitigation, Plaintiff incurred a minimum of $9,615.40 in economic damages per month.

30. Plaintiff was terminated on December 29, 2014. (*See* Betz Decl. ¶ 8.) As such, the total number of months from December 29, 2014, the date of Plaintiff's termination, to October 28, 2015 (*i.e.* the date of removal) is approximately ten (10) months.

31. Therefore, without considering other special, general or punitive damages, Plaintiff's total alleged lost wages from the time between the date of his termination and the date of this removal is approximately $96,140.00 (*i.e.* [10 months multiplied by $9,615.40 per month = $96,140.00]). *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000).

### ii. *Additional Categories Of Damages Sought By Plaintiff Further Demonstrate That The Amount In Controversy Requirement Has Been Met.*

32. Plaintiff's damages at issue are further increased by the prospective

---

[2] By estimating the amount that Plaintiff may recover if he prevails, Spreadshirt does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Spreadshirt reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

Saulnier - Notice of Removal

8

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

amount of damages that he may obtain if he is successful on all of his various claims. To illustrate, Plaintiff seeks economic damages, emotional distress damages and punitive damages under FEHA, as well as unpaid overtime, interest and penalties under the California Labor Code.

33. The damages for Plaintiff's harassment, discrimination, retaliation, and related claims pursuant to FEHA, and his derivative claim for wrongful termination provide not only for lost wages, but also for lost future earnings due to impaired earning capacity. *See Merrifield v. Miner's Inn Restaurant and Lounge,* No. 1:05-CV-1344-OWW-SMS, 2006 WL 4285241, at *7 (E.D. Cal. Sept. 25, 2006). Plaintiff's FEHA claims also provide for damages to compensate for lost fringe benefits, such as the cost of continuing insurance coverage from the time that the claims began accruing and emotional distress damages. *See id.*; *see also EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 902 (9th Cir. 1994). These additional damages can easily exceed $75,000. *See, e.g. Huck v. Kone, Inc.*, No. C 10-1845, 2011 WL 31108 (N.D. Cal. January 5, 2011).

34. Additionally, Plaintiff has pled for the recovery of punitive damages under FEHA and in his wrongful termination claim. The potential recovery for punitive damages, on its own, can satisfy the amount in controversy. (*See, e.g.* Complaint at Prayer for Relief ("Prayer"), at ¶ 4.) As an initial matter, Civil Code section 3294 does not provide a specific monetary limit on the amount of punitive damages that may be awarded thereunder. Additionally, the Court may appropriately consider the potentially limitless amount of punitive damages when determining whether the amount in controversy element has been satisfied. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) (holding "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount"); *see also Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.*, 261

Saulnier - Notice of Removal

9

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

1 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Romo v. FFG Ins. Co.,* 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction).  Accordingly, Plaintiff's requests for punitive damages must be considered for removal purposes.

35.  Finally, Plaintiff seeks attorneys' fees, which are available to him by statute for his overtime and FEHA claims if he prevails.  (*See, e.g.* Complaint at Prayer, ¶ 6.)  When authorized by statute or contract, attorneys' fee claims are also properly considered in determining the amount in controversy.  *Kroske*, 432 F.3d at 980; *Galt G/S*, 142 F.3d at 1155-56.  Adding the potential damages for attorneys' fees, it is apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000.  *See, e.g., Jellinek v. Advance Prods. & Sys., Inc.*, No. 10cv1226 JM(WMC), 2010 U.S. Dist. LEXIS 88331, at *4-5 (S.D. Cal. Aug. 24, 2010) (in matter where plaintiff sought monetary damages for wrongful termination, compensatory and punitive damages, and attorneys' fees, holding that "it was 'facially apparent'" that the amount in controversy threshold had been reached "in light of litigation realities").

36.  As explained above, numerous cumulative bases exist to establish that the damages sought by Plaintiff exceed the Court's jurisdictional minimum.  Accordingly the preponderance of the evidence demonstrates that Plaintiff's alleged damages far exceed this Court's jurisdictional minimum of $75,000, further supporting the argument that removal of this action is proper.

## IV. CONCLUSION

37.  Because this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, Spreadshirt respectfully requests that this Court exercise its removal jurisdiction over this action.

38.  In the event that this Court has questions regarding the propriety of this

Saulnier - Notice of Removal

10

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.

Notice of Removal, Spreadshirt requests that this Court issue an Order to Show Cause, so that Spreadshirt may have an opportunity to more fully brief the Court on the basis for this removal.

39. Accordingly, Spreadshirt hereby removes the above-entitled action to this Court.

DATED:  October 29, 2015

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /S/ Jasmine E. Simmons
Betsy Johnson
Jasmine E. Simmons

Attorneys for Defendant SPREADSHIRT, INC.

Saulnier - Notice of Removal

11
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT SPREADSHIRT, INC.